## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ANDREW JOHNSTON,                          )
                                          )
                   Petitioner,            )
                                          )
v.                                        )          Case No. CIV-20-980-D
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
                   Respondent.            )

## ORDER

This matter is before the Court for review of the Report and Recommendation ("Report") [Doc. No. 13] issued by United States Magistrate Judge Amanda Maxfield Green pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner has timely objected [Doc. No. 14] to the Report, which recommends dismissing the petition as moot. Accordingly, the Court must make a *de novo* determination of those portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

## DISCUSSION

Petitioner, a federal prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1], seeking "immediate release from federal custody" or a shortened period of confinement. Judge Green recommends that the petition be dismissed as moot. Specifically, Judge Green concludes that the warden at the Federal Transfer Center in Oklahoma City no longer has custody of Petitioner and is therefore

powerless to provide any relief that the Court might order since Petitioner is currently detained at USP Tucson.

Petitioner argues that his transfer to USP Tucson did not divest the Court of jurisdiction. The Report states as much. *See Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). The recommended dismissal is not based on lack of jurisdiction over this habeas action, but rather the Court's inability to provide redress now that the FTC warden no longer has custody of Petitioner. *See Griffin v. Kastner*, 507 F. App'x 801, 802 (10th Cir. Jan. 16, 2013) (unpublished).[1] Petitioner's argument that the United States Marshals Service is his principal custodian is also without merit. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."). With no relief possible, the petition is moot.

## CONCLUSION

Upon *de novo* review of the issues presented, the Court finds that the petition should be dismissed as moot. Accordingly, Judge Green's Report and Recommendation [Doc. No. 13] is **ADOPTED** in its entirety, and Petitioner's petition is **DISMISSED** as **MOOT**. A judgment shall be issued forthwith. Petitioner's Motions for Status Update [Doc. Nos. 10, 11] and Petitioner's Motion for Miscellaneous Relief [Doc. No. 12] are **DENIED** as **MOOT**.

---

[1] All unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th CIR. R. 32.1.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases,[2] the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.  A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.  Upon consideration, the Court finds the requisite standard is not met in this case.  Therefore, a COA is **DENIED**.  The denial shall be included in the judgment.

---

[2] The Rules Governing Section 2254 Cases provide that a "district court may apply any or all of these rules to a habeas corpus petition not [brought under § 2254]."  Rules Governing Section 2254 Cases, Rule 1(b); *see also Heath v. Norwood*, 325 F. Supp. 3d 1183, 1197 n. 9 (D. Kan. 2018).  The Court elects to do so here.

**IT IS SO ORDERED** this 22nd day of February 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge